**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch
Arizona Bar No. 016473
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email:  nick@lubinandenoch.com

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson *(Application Pro Hac Vice* forthcoming*)*
Texas Bar No. 24045189
Email: austin@a2xlaw.com
Clif Alexander *(Application Pro Hac Vice* forthcoming*)*
Texas Bar No. 24064805
Email: clif@a2xlaw.com
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284

Attorneys for Plaintiff
and Putative Class Members

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yjaira Salguero,<br>Individually and on behalf of all<br>others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>Compass Pact 3, LLC d/b/a<br>Riliberto's,   A   Domestic   Limited   Li<br>Company,<br><br>                    Defendant. | No._____<br><br><br>COLLECTIVE/CLASS ACTION<br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

Plaintiff Yjaira Salguero ("Salguero") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Compass Pact 3, LLC d/b/a Riliberto's ("Defendant" or "Riliberto's"), anywhere in the United States, at any time during the last three years through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) and the Arizona Wage Act, A.R.S. §§ 23-350 *et. seq.* (the "Arizona Act").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional state-law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and a class action pursuant to the state laws of Arizona under FED. R. CIV. P. 23 to recover unpaid wages, unpaid overtime, and treble damages.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Riliberto's throughout the United States within the last three years and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.      Riliberto's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

4.      Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5.      The decision by Riliberto's not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6.      Riliberto's knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state law.

8.      Riliberto's knowingly and deliberately engaged in time shaving in order to deny overtime wages to its hourly employees—such as Plaintiff and the Putative Class Members.

9.      Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) and to recover unpaid wages, treble damages, and other damages owed under the state laws of Arizona as a class action pursuant to Federal Rule of Civil Procedure 23.

10.     Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11.     Plaintiff also prays that the Rule 23 class is certified as defined herein, and Plaintiff Salguero designated herein be named as the Class Representative(s).

## II.
## THE PARTIES

12.     Plaintiff Yjaira Salguero ("Salguero") was employed by Riliberto's during the relevant time period. Plaintiff Salguero did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13.     The FLSA Collective Members are those current and former hourly employees who were employed by Riliberto's anywhere in the United States, at any time from January 18, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

14.     The Arizona Class Members are those current and former hourly employees who were employed by Riliberto's anywhere in Arizona, at any time from January 18, 2021 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Salguero worked and was paid.

15.     Defendant Compass Pact 3, LLC d/b/a Riliberto's is a domestic limited liability company licensed to do business in the state of Arizona. Riliberto's may be served through its

---

[1] The written consent of Yjaira Salguero is hereby attached as Exhibit "A."

registered agent for service of process: **Waterfall Service Agent LLC, 5210 E. Williams Circle Suite 800, Tucson, Arizona 85711.**

### III.
### JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. § 201-219.

17.    This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

18.    This Court has personal jurisdiction over Riliberto's because the cause of action arose within this District as a result of Riliberto's conduct within this District.

19.    Venue is proper in the District of Arizona because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20.    Specifically, Riliberto's corporate headquarters are located in Tucson, Arizona and Plaintiff Salguero worked in Tucson, Arizona throughout his employment with Riliberto's, all of which is located within this District and Division.

21.    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

### IV.
### ADDITIONAL FACTS

22.    Defendant Compass Pact 3 LLC operates a chain of restaurants known as Riliberto's.[2]

---

[2] http://www.rilibertos.com/.

23.     To provide their services, Riliberto's employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the putative class.

24.     Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Riliberto's resulting in the complained of FLSA violations.

25.     Plaintiff Silguero was employed by Riliberto's as an hourly employee in Tucson, Arizona from approximately April 2021 until May 2021.

26.     Plaintiff and the Putative Class Members' job duties consisted of serving customers and cleaning the restaurants.

27.     Plaintiff and the Putative Class Members worked long hours—specifically, Plaintiff and the Putative Class Members frequently worked in excess of forty (40) hours each week.

28.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over 40 each week.

29.     Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

30.     Riliberto's denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practices.

**Time Shaving**

31.     Riliberto's denied overtime to Plaintiff and the Putative Class Members.

32.     Specifically, Riliberto's instructed their managers to minimize their hourly employees' overtime by engaging in time shaving.

33.     Whenever Plaintiff or the Putative Class Members would accrue a substantial number of overtime hours, their managers were directed by Riliberto's to cut the hours down by deleting Plaintiff or the Putative Class Members' hours from the time records.

34.     Riliberto's applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members must be paid overtime wages for all hours worked in excess of forty (40) hours each workweek.

35.     Riliberto's failure to pay Plaintiff and the Putative Class Members overtime compensation for all hours worked in excess of forty (40) hours each workweek violated (and continues to violate) the FLSA and Arizona Acts.

36.     Riliberto's knew or should have known their failure to pay overtime compensation to Plaintiff and the Putative Class Members was (and is) in violation of the FLSA and Arizona Acts.

37.     Because Riliberto's did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Riliberto's pay policies and practices willfully violate the FLSA and the Arizona Acts.

**V.
CAUSES OF ACTION**

**COUNT ONE
(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

38.     All previous paragraphs are incorporated as though fully set forth herein.

39.     The FLSA Collective is defined as:

7

**ALL HOURLY EMPLOYEES WHO WORKED FOR RILIBERTO'S, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 18, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

40.     At all times hereinafter mentioned, Riliberto's has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

41.     At all times hereinafter mentioned, Riliberto's has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

42.     At all times hereinafter mentioned, Riliberto's has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Riliberto's, these individuals provided services for Riliberto's that involved interstate commerce for purposes of the FLSA.

44.     In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

45.     Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Riliberto's who assisted customers throughout the United States. 29 U.S.C. § 203(j).

46.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

47.     In violating the FLSA, Riliberto's acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

48.     The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 39.

49.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Riliberto's.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

50.     All previous paragraphs are incorporated as though fully set forth herein.

51.     Riliberto's violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

52.     Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Riliberto's acts or omissions as described herein;

though Riliberto's is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

53.     Moreover, Riliberto's knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff Daily and other similarly situated hourly employees overtime compensation. 29 U.S.C. § 255(a).

54.     Riliberto's knew or should have known their pay practices were in violation of the FLSA.

55.     Riliberto's is a sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

56.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Riliberto's to pay overtime in accordance with the law.

57.     The decision and practice by Riliberto's to not pay overtime was neither reasonable nor in good faith.

58.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     FLSA COLLECTIVE ACTION ALLEGATIONS

59.     All previous paragraphs are incorporated as though fully set forth herein.

60.     Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

61.     Other similarly situated employees have been victimized by Riliberto's patterns, practices, and policies, which are in willful violation of the FLSA.

62.     The FLSA Collective Members are defined in Paragraph 39.

63.     Riliberto's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

64.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

65.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

66.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

67.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

68.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Riliberto's will retain the proceeds of their rampant violations.

69.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

70.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 39 and notice should be promptly sent.

### COUNT TWO
### (Class Action Alleging Violations of the Arizona Act)

**A.     VIOLATIONS OF ARIZONA LAW**

71.     Plaintiff Salguero incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

72.     The Arizona Class is defined as:

**ALL HOURLY EMPLOYEES WHO WORKED FOR RILIBERTO'S, ANYWHERE IN THE STATE OF ARIZONA, AT ANY TIME FROM JANUARY 18, 2021 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Arizona Class" or "Arizona Class Members").**

73.     At all times hereinafter mentioned, Riliberto's has been an "employer" within the meaning of the Arizona Wage Act, A.R.S. § 23-350(3).

74.     At all times hereinafter mentioned, Plaintiff Salguero and the Arizona Class Members have been "employees" within the meaning of the Arizona Wage Act. A.R.S. § 23-350(2).

**B.     FAILURE TO PAY WAGES AND OVERTIME IN ACCORDANCE WITH THE ARIZONA ACT**

75.     All previous paragraphs are incorporated as though fully set forth herein.

76.     Riliberto's was required to pay Plaintiff Salguero and the Arizona Class Members for all hours worked.

77.     The Arizona Act requires every employer to pay "all wages due" every pay period, including overtime pay. *See* A.R.S. § 23-351; *Rose v. Wildflower Bread Co.*, No. CV09-1348-PHX-JAT, 2011 WL 196842, at *1 (D. Ariz. Jan. 20, 2011).

78.     Riliberto's owes Plaintiff Salguero and the Arizona Class Members "wages," as defined in section 23-350(7) of the Act, to compensate them for labor and services they provided to Riliberto's in the furtherance of their job duties. *See* A.R.S. § 23-350(7), 351(C).

79.     Plaintiff Salguero and the Arizona Class Members were not (and currently are not) exempt from receiving benefits under the Arizona Act.

80.     Plaintiff Salguero and the Arizona Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Riliberto's violated the Arizona Act by failing to pay Plaintiff Salguero and the Arizona Class Member for all of the wages due to them. *See* A.R.S. § 23-350(7), 351(C).

81.     Plaintiff Salguero and the Arizona Class Members have suffered damages and continue to suffer damages as a result of Riliberto's acts or omissions as described herein; though Riliberto's is in possession and control of necessary documents and information from which Plaintiff Salguero would be able to precisely calculate damages.

82.     The Arizona Act provides that Plaintiff Salguero and the Arizona Class Members are entitled to recover treble, or three times, the amount of their unpaid wages. *See* A.R.S. § 23-355(A).

83.     In violating the Arizona Act, Riliberto's acted willfully, without a good faith basis and with reckless disregard of clearly applicable Arizona law. *See* A.R.S. §§ 23-352(3), 23-355.

84.     The proposed class of employees sought to be certified pursuant to the Arizona Act is defined in Paragraph 72.

85.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Riliberto's.

## C.     ARIZONA CLASS ALLEGATIONS

86.     Plaintiff Salguero brings his Arizona Act claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Riliberto's to work in Arizona at any time since January 18, 2021.

87.     Class action treatment of Plaintiff Salguero and the Arizona Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

88.     The number of Arizona Class Members is so numerous that joinder of all class members is impracticable.

89.     Plaintiff Daily is a member of the Arizona Class, his claims are typical of the claims of the other Arizona Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Arizona Class Members.

90.     Plaintiff Salguero and his counsel will fairly and adequately represent the Arizona Class Members and their interests.

91.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

92.     Accordingly, the Arizona Class should be certified as defined in Paragraph 72.

**VI.**
**RELIEF SOUGHT**

93.     Plaintiff respectfully prays for judgment against Riliberto's as follows:

a.      For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 39 and requiring Riliberto's to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order certifying the Arizona Class as defined in Paragraph 72 and designating Plaintiff Salguero as the Class Representative of the Arizona Class;

c.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.      For an Order pursuant to Section 16(b) of the FLSA finding Riliberto's liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

e.      For an Order pursuant to Arizona law awarding Plaintiff Salguero and the Arizona Class Members unpaid wages, treble damages, and other damages allowed by law;

f.      For an Order awarding the costs and expenses of this action;

g.      For an Order awarding attorneys' fees;

h.      For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

i.      For an Order awarding Plaintiff Salguero a service award as permitted by law;

j.      For an Order compelling the accounting of the books and records of Riliberto's, at Riliberto's own expense;

k.      For an Order providing for injunctive relief prohibiting Riliberto's from engaging in future violations of the FLSA, and requiring Riliberto's to comply with such laws going forward; and

l.      For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 18th day of January, 2022.

LUBIN & ENOCH, P.C.
ANDERSON ALEXANDER, PLLC

By: /s/ Nicholas J. Enoch
Nicholas J. Enoch

Attorneys for Plaintiff and the Putative Class Members

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all questions raised by the foregoing complaint.

DATED this 18th day of January 2022.

LUBIN & ENOCH, P.C.
ANDERSON ALEXANDER, PLLC

By: /s/ Nicholas J. Enoch
Nicholas J. Enoch

Attorneys for Plaintiff and the Putative Class Members

16

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on the 18th day of January 2022, I electronically transmitted the attached Complaint and Jury Demand to the Clerk's Office using the ECF System for filing.

*/s/ Cristina Gallardo-Sanidad*
Cristina Gallardo-Sanidad
